IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MONTERREY WHOLESALE, INC. | ) | CASE NO.  09-90983-JEM |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL AND REQUEST FOR EXPEDITED HEARING**

COMES NOW Monterrey Wholesale, Inc. ("Debtor"), and respectfully submits this Motion for Entry of Order Authorizing Use of Cash Collateral (the "Motion") pursuant to 11 U.S.C. § 363, and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking Court approval and authorization for the immediate interim and final use of cash collateral. Debtor also requests the Court schedule an expedited hearing on the Motion. The following is offered in support of this Motion:

**SUMMARY OF RELIEF REQUESTED**

1.

The Debtor believes that Wachovia Bank, N.A.  ("Wachovia")  may assert a security interest in the revenues of the Debor. Debtor requests that immediate

interim authorization for use of cash collateral (to the extent cash collateral exists) be given pursuant to Bankruptcy Rule 4001(b)(2) to allow it to use cash on hand and revenues from operations for ordinary and necessary operating expenses of its Debtor, as more fully set forth in the preliminary operating budget attached hereto as Exhibit A (the "Budget").

2.

This matter must be handled on an expedited basis because the Debtor believes its operations and reorganization efforts will suffer immediate and irreparable harm if it is not allowed to use cash collateral during the next thirty (30) days (the "Interim Period"). The Debtor cannot meet its daily operating expenses unless it is permitted to use cash.

3.

Notice of this Motion has been served by e-mail to the Office of the U.S. Trustee ([Thomas.W.Dworschak@usdoj.gov](mailto:Thomas.W.Dworschak@usdoj.gov)) and to Wachovia via overnight mail in accordance with Fed. R. Bankr. P. 4001(b) and to the parties on the service list attached hereto.

4.

The Debtor requests that the Court grant immediate authority to use cash collateral.

## INTRODUCTION

5.

On November 23, 2009 (the "Petition Date"), the Debtor commenced the above-captioned case by filing voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## HISTORY AND BACKGROUND

7.

The Debtor is a Georgia corporation which owns and operates a wholesale restaurant supply business.

8.

Prior to filing for Chapter 11 relief, Debtor obtained a loan from Wachovia in order to finance its business.

9.

The balance owed on the Wachovia Note is, upon information and belief, approximately $300,000.

**REQUESTED RELIEF**

10.

By this Motion, Debtor requests interim and final authorization for use of cash collateral which may be subject to the lien of Wachovia pursuant to Bankruptcy Rule 4001(b)(2) to allow the use of cash on hand and revenues from operations for ordinary and necessary operating expenses of the Debtor in accordance with the attached Budget. The Debtor also requests that the Court schedule a final hearing on the use of cash collateral in the event any objection is filed.

11.

As previously asserted the Debtor believes a security interest in cash collateral may exist in favor of Wachovia to the extent of the revenues generated from operations. The Debtor does not presently take a position as to the validity, priority, enforceability, and/or extent of any lien of Wachovia and thus, as a part of this Motion, reserves any and all rights with respect thereto. For purposes of the Motion only, the Debtor assumes that the claimed liens, to the extent that they are claimed, are valid.

12.

In order to continue operations during the course of this case, which continued operations are deemed necessary to maximize the value of the Debtor's

assets, Debtor must continue to use cash collateral, which cash collateral is in the control of the Debtor.

13.

In connection with its operations, Debtor incurs expenses which include, but are not limited to, payroll, utilities, taxes, fuel, insurance, fees and other operational and capital costs (the "Operating Expenses").

14.

The Debtor has attached a budget setting forth its estimated receipts and operating expenses during the months of December 2009 through May 2010.

15.

It is crucial for the Debtor to have the use of cash collateral to pay employees and pay other ordinary and necessary operating expenses in order to (a) avoid disruption of its workforce and operations; (b) maintain customer and community relations and loyalty; (c) maintain its community presence; and (d) preserve the going concern value of the Debtor and its estate while the Debtor formulates and implements a plan of reorganization.

16.

As for adequate protection for the use of cash collateral as set forth in the Budget, the Debtor hereby offers a post-petition replacement lien to the Lender on cash pursuant to and in accordance with 11 U.S.C. §§ 361(2) and 552(b): (a) to the

extent of cash collateral actually expended; (b) on the same assets and in the same order of priority as currently exists; and (c) with Debtor's full reservation of rights with respect to the issues set forth in paragraph 12 above. In addition, Debtor hereby offers adequate protection payments to Wachovia as identified in the attached Budget.

17.

In addition to the expenses listed on the Budget, the Debtor requests that it be permitted to use cash to pay all quarterly fees of the United States Trustee as they come due.

18.

The Debtor is seeking an Order authorizing the immediate interim use of cash collateral pursuant to Bankruptcy Rule 4001(b)(2) pending a final hearing on this Motion. Debtor meets the five-part test for immediate use of cash collateral as set forth in the Committee Note following Bankruptcy Rule 4001: (a) the Emergency Motion sets forth the amount of cash collateral sought to be used; (b) it sets forth the name and address of the entity Debtor believes to have or claim an interest in and to the cash collateral; (c) it identifies the entity that is in control of the cash collateral; (d) it sets forth the facts demonstrating the immediate need for the use of cash collateral; and (e) it sets forth the adequate protection being offered to the lender.

6

19.

By this Motion, the Debtor also requests final approval, following a final hearing, to use cash collateral throughout the course of this case.

WHEREFORE, Debtor respectfully requests the Court schedule an expedited hearing on the Motion and enter an Order authorizing the Debtor's use of cash collateral in accordance with the Budget; grant the Debtor final approval to use cash collateral following a final hearing on this Motion; and grant such other and further relief as is just and appropriate.

Respectfully submitted, this 17th day of December 2009.

_____/S/_____
Scott B. Riddle, Esq.
GA Bar 604855
Suite 3250 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta GA 30309
Telephone: (404) 815-0164
Facsimile: (404) 815-0165
sbriddle@mindspring.com
Counsel for Debtor

**Monterrey Wholesale, Inc.  Projected Budget**

|  | Dec-09 | Jan-10 | Feb-10 | Mar-10 | Apr-10 | May-10 |
|---|---|---|---|---|---|---|
| **Sales** | | | | | | |
| sales | $345,572.81 | $278,463.25 | $285,876.57 | $307,523.42 | $298,879.22 | $301,762.77 |
| COGS | 264866.76 | 206393.33 | 213301.34 | 232965.27 | 225682.63 | 224545.87 |
| Gross Profit | $80,706.05 | $72,069.92 | $72,575.23 | $74,558.15 | $73,196.59 | $77,216.90 |
| **Operating Expenses** | | | | | | |
| insurance (business unempl | $3,800.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 | $2,200.00 |
| office expense | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| LOC interest & principal wa | $12,755.05 | $12,755.05 | $12,755.05 | $12,755.05 | $12,755.05 | $12,755.05 |
| rent or lease (cam includes | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| lease vehicles, (tractor,traile | $12,762.89 | $9,400.00 | $9,400.00 | $9,400.00 | $9,400.00 | $9,400.00 |
| repairs and maintenance | $981.23 | $275.00 | $275.00 | $275.00 | $275.00 | $275.00 |
| supplies (not in cogs) wareh | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| travel (hotel / drivers) | $1,155.40 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| taxes and licenses | $4,580.71 | $2,900.00 | $2,900.00 | $2,900.00 | $2,900.00 | $2,900.00 |
| utilities (electric, gas) | $732.46 | $701.05 | $693.10 | $492.55 | $469.55 | $476.34 |
| wages (net) | $28,470.56 | $23,968.23 | $23,968.23 | $23,968.23 | $23,968.23 | $23,968.23 |
| telephone | $478.92 | $328.57 | $298.76 | $275.00 | $275.00 | $275.00 |
| security (alarm monitoring) | $16.95 | $16.95 | $16.95 | $16.95 | $16.95 | $16.95 |
| Fica / payroll taxes | $3,200.84 | $2,078.00 | $2,078.00 | $2,078.00 | $2,078.00 | $2,078.00 |
| accounting (bk prof fees) | $537.95 | $541.25 | $477.00 | $537.95 | $541.25 | $537.95 |
| bank fees | $675.00 | $675.00 | $675.00 | $675.00 | $675.00 | $675.00 |
| vehicles expense (diesel fue | $9,129.40 | $7,500.00 | $7,500.00 | $7,500.00 | $7,500.00 | $7,500.00 |
| pest control | $45.00 | $45.00 | $45.00 | $45.00 | $45.00 | $45.00 |
| waste services | $277.48 | $277.48 | $277.48 | $277.48 | $277.48 | $277.48 |
| legal fees | | | | | | |
| | $85,149.84 | $69,611.58 | $69,509.57 | $69,346.21 | $69,326.51 | $69,330.00 |
| | ($4,443.79) | $2,458.34 | $3,065.66 | $5,211.94 | $3,870.08 | $7,886.90 |

## CERTIFICATE OF SERVICE

This is to certify that I have caused this day to be served a true and correct copy of the foregoing **MOTION FOR ENTRY OF ORDER AUTHORIZING USE OF CASH COLLATERAL** by depositing same in United States Mail in a properly addressed envelope with adequate postage thereon to:

| | | |
|---|---|---|
| Office of the U. S. Trustee<br>Room 362<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>Thomas.W.Dworschak@usdoj.gov<br><br>Wachovia Bank NA<br>Attn: Bob Moran<br>1062 Old Peachtree Rd NW<br>Lawrenceville GA 30043<br>*Via overnight mail*<br><br>Dadepaper<br>600 Hartman Ind. Ct SW<br>Ste 200<br>Austell, GA 30168<br><br>Edward Don & Company<br>2562 Paysphere Cr<br>Chicago, IL 60674<br><br>IGP Inc.<br>6030 Bethelview Rd<br>Ste 203<br>Cumming, GA 30040<br><br>International Gourmet Prods.<br>6030 Bethelview Rd<br>Ste 203<br>Cumming, GA 30040<br><br>JT Imports<br>2659 Boddie Place<br>Duluth, GA 30097 | Ole Mexican Foods Inc.<br>6585 Crescent Drive<br>Norcross, GA 30071<br><br>PFG Miltons<br>PO Box 931533<br>Atlanta, GA 31193<br><br>Penske Truck Leasing<br>PO Box 532658<br>Atlanta, GA 30353<br><br>Solar Chemical Co.<br>PO Box 20272<br>Atlanta, GA 30325<br><br>Stanislaus Food Prods.<br>PO Box 3951<br>Modesto, CA 95397<br><br>Sysco Food Services<br>PO Box 490379<br>Atlanta, GA 30349<br><br>Toluca Foods Inc.<br>987 Sampler Way<br>Atlanta, GA 30344<br><br>US Foodservice<br>7950 Spence Road<br>Fairburn, GA 30213<br><br>Wachovia Bank NA<br>8740 Research Drive<br>Charlotte, NC 28262 | Wachovia Bank NA<br>8740 Research Drive<br>Charlotte, NC 28262<br><br>Wachovia Bank NA<br>Commercial loan Services<br>PO Box 740502<br>Atlanta, GA 30374-0502<br><br>Wachovia Comm. Loan Pmt Ctr<br>PO Box 740502<br>Atlanta, GA 30374<br><br>Los Amigos Tortilla Mnfg<br>251 Armour Drive<br>Atlanta, GA 30324<br><br>Mason Food Prods<br>1200 Alpha Drive<br>Alpharetta, GA 30004<br><br>Metropolitan Technologies<br>5865 Peachtree Corners East<br>Ste C-2<br>Norcross, GA 30071<br><br>Mike Smith Admin, Leon Estate<br>PO Box 1246<br>7 Lumpkin Street<br>Lawrenceville, GA 30046 |

This 17th day of December 2009.

/S/_____
Scott B. Riddle, Esq.

8